IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY D. THOMAS, §
TDCJ #1724123, §
　§
　　　　Petitioner, §
　§
v. §
　§ CIVIL ACTION NO. H-18-3842
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
　§
　　　　Respondent. §

## MEMORANDUM OPINION AND ORDER

State inmate Anthony D. Thomas (TDCJ #1724123) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") to challenge a state court conviction under 28 U.S.C. § 2254 (Docket Entry No. 1). Now pending is Respondent Lorie Davis's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 12), arguing that the Petition is barred by the governing one-year statute of limitations. Thomas has filed Petitioner's Request for Continuance with Brief in Support ("Petitioner's Response") (Docket Entry No. 14), arguing that the limitations period should be extended to allow review of his Petition. After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and dismiss this case for the reasons explained below.

## I. Background

A grand jury returned an Indictment against Thomas on October 5, 2010, charging him in Harris County cause number 1274840 with committing aggravated robbery with a deadly weapon -- a firearm.[1] The Indictment was enhanced for purposes of punishment with allegations that Thomas had a prior felony conviction for burglary of a habitation.[2] On June 16, 2011, a jury in the 339th District Court for Harris County, Texas, found Thomas guilty of aggravated robbery as charged in the Indictment.[3] The jury found that the enhancement allegation was "true" and sentenced Thomas to 25 years' imprisonment.[4]

On direct appeal Thomas argued that the trial court erred by admitting certain testimony over his counsel's objections.[5] The intermediate court of appeals rejected his arguments and affirmed the conviction in an unpublished opinion. See Thomas v. State, No. 01-11-00518-CR, 2012 WL 1564311 (Tex. App. — Houston [1st Dist.] May 3, 2012).[6] The Texas Court of Criminal Appeals refused

---

[1] Indictment, Docket Entry No. 13-16, p. 12. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2] Id.

[3] Verdict, Docket Entry No. 13-16, p. 98.

[4] [Verdict on Punishment], Docket Entry No. 13-16, p. 106; Judgment of Conviction by Jury, Docket Entry No. 13-16, p. 109.

[5] Appellant's Brief, Docket Entry No. 13-3, p. 4.

[6] Memorandum Opinion, Docket Entry No. 13-2, pp. 1-9.

Thomas's petition for discretionary review on September 26, 2012.[7] Thomas did not appeal further by seeking certiorari review with the United States Supreme Court.

On June 6, 2014, Thomas filed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application").[8] Thomas argued that he was entitled to relief for the following reasons:

1. He was denied effective assistance of counsel because his attorney failed to (a) file a motion to dismiss for insufficient evidence, (b) file a motion to suppress, (c) file a motion to set aside the indictment, (d) file a subpoena for business records, and (e) investigate offense reports and witness accounts describing the perpetrator's identity.

2. The trial court erred by admitting testimony over his counsel's hearsay objections.

3. His pretrial and in-court identification as the perpetrator were obtained by police with impermissibly suggestive means.

4. A new trial was required because material evidence in the form of business records was destroyed, withheld, or not introduced under the exception to the rule against hearsay.[9]

---

[7]Advisory from the Texas Court of Criminal Appeals dated October 10, 2012, Docket Entry No. 13-5, p. 1.

[8]State Habeas Application, Case No. 1274840-A, Docket Entry No. 13-23, pp. 6-22. Under the mail-box rule that applies to pro se pleadings filed by prisoners, Thomas's State Habeas Application and all of his other submissions are considered filed as of the date he placed them in the prison mail system for delivery to the court. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013).

[9]State Habeas Application, Docket Entry No. 13-23, pp. 11-18.

After considering a "credible" affidavit from Thomas's attorney, the state habeas corpus court concluded that Thomas was not entitled to relief and recommended that his State Habeas Application be denied.[10] The Texas Court of Criminal Appeals agreed and denied relief without a written order on September 16, 2015.[11]

Nearly two years later on August 11, 2017, Thomas filed a second Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("Second State Habeas Application").[12] Thomas argued that he was denied effective assistance of counsel because his defense attorney did not investigate the validity of the prior felony conviction for burglary of a habitation that was alleged as an enhancement paragraph in the Indictment and did not object to or file a motion to quash that enhancement.[13] After finding that the claim could have been raised previously in his prior State Habeas Application, the trial court recommended dismissing it under the Texas statute that prohibits abuse of the writ, Article 11.07 § 4(a) of the Texas Code of Criminal Procedure.[14] The Texas Court

---

[10]Affidavit of Sam A. Maida, Docket Entry No. 13-23, pp. 61-62; State's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 13-23, pp. 68-71.

[11]Action Taken on Writ No. 83,533-02, Docket Entry No. 13-21, p. 1.

[12]Second State Habeas Application, Case No. 1274840-B, Docket Entry No. 13-28, pp. 5-21.

[13]Id. at 10-11.

[14]State's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 13-28, pp. 41-42.

of Criminal Appeals adopted the recommendation and dismissed Thomas's Second State Habeas Application under Article 11.07 § 4(a) on November 22, 2017.[15]

On October 9, 2018, Thomas executed the pending Petition, seeking federal habeas corpus relief from his aggravated robbery conviction under 28 U.S.C. § 2254.[16] Thomas raises the same claim presented in his Second State Habeas Application, alleging that he was denied effective assistance of counsel when his defense attorney failed to investigate or challenge the validity of the prior felony conviction alleged as an enhancement paragraph in the Indictment.[17] The respondent argues that the Petition must be dismissed because it is barred by the governing one-year statute of limitations on federal habeas corpus review.[18]

## II. Discussion

### A. One-Year Statute of Limitation

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

---

[15] Action Taken on Writ No. 83,533-03, Docket Entry No. 13-25.

[16] Petition, Docket Entry No. 1, p. 10.

[17] Id. at 6; see also Appellant's Memorandum, Docket Entry No. 1, pp. 11-17.

[18] Respondent's MSJ, Docket Entry No. 12, pp. 5-7.

-5-

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period, which has been in place for well over 20 years, clearly applies to this case. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (concluding that the statute of limitations found in the AEDPA applies to all petitions filed after the April 24, 1996, effective date) (citation omitted).

Because Thomas challenges a state court judgment of conviction, the statute of limitations began to run pursuant to § 2244(d)(1)(A) when his time to pursue direct review expired. The Texas Court of Criminal Appeals refused Thomas's petition for

discretionary review on September 26, 2012, and his time to file a petition for a writ of certiorari with the Supreme Court expired 90 days later on December 25, 2012. See SUP. CT. R. 13.1. Because Thomas's opportunity for direct review concluded on that date, the statute of limitations expired one year later on December 25, 2013.[19] See Roberts v. Cockrell, 319 F.3d 690, 693-96 (5th Cir. 2003); see also Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009) (affirming the "settled understanding" that when a prisoner chooses not to seek certiorari review, his conviction becomes "final" for purposes of § 2244(d)(1(A) when the time for filing a certiorari petition expires). The pending Petition, executed by Thomas on October 6, 2018, is nearly five years late and is therefore barred from federal review unless a statutory or equitable exception applies.

B. Statutory Tolling

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Although Thomas

---

[19]The federal courts were closed on Wednesday, December 25, 2013, for Christmas Day, which is a legal holiday excluded from computations of time. See Fed. R. Civ. P. 6(a)(6). Even if the court were to extend the deadline to until Thursday, December 26, 2013, the Petition would still be untimely.

-7-

filed two State Habeas Applications on June 6, 2014, and August 11, 2017, neither proceeding tolls the statute of limitations under § 2244(d)(2) because both of them were filed well after the limitations period had already expired in 2013. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The pleadings do not disclose any other valid basis for statutory tolling. Thomas does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Likewise, he does not present a claim that is based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). Therefore, the Petition is time-barred unless there is an equitable reason to toll the statute of limitations.

## C. Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has clarified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights

diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Thomas does not allege facts showing that he pursued his rights with due diligence as required or that he was prevented from doing so in any way.

In response to Respondent's MSJ, Thomas appears to argue that a continuance or extension of the statute of limitations is warranted for equitable reasons because he needed to exhaust state court remedies by presenting his ineffective-assistance claim on collateral review, which he attempted to do by filing his Second State Habeas Application on August 11, 2017.[20] Thomas explains that he mistakenly believed that his conviction did not become "final" for purposes of seeking federal habeas review until the Texas Court of Criminal Appeals dismissed his Second State Habeas Application on November 22, 2017.[21] As noted above, however, it is well established that a state court conviction becomes final for purposes of the AEDPA when the time to seek direct review expires. See 28 U.S.C. § 2244(d)(1)(A); Jimenez, 129 S. Ct. at 685.

Moreover, the chronology of the state court proceedings documents significant periods of unexplained delay on Thomas's part. Thomas offers no other valid explanation for his decision to

---

[20]Petitioner's Response, Docket Entry No. 14, pp. 3-7.

[21]Id. at 7.

delay seeking review in federal court. Equitable tolling is not available under these circumstances. See, e.g., Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999).

To the extent that Thomas's mistaken belief about when his state court conviction became final is attributable to his status as a pro se litigant, it is also well established that a pro se petitioner's ignorance of the law does not excuse his failure to file a timely habeas petition and is not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans Steamship Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of applicable filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Because Thomas has not articulated any valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner

makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Davis's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**, and Petitioner's Request for Continuance (Docket Entry No. 14) is **DENIED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Anthony D. Thomas (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 26th day of April, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE